SUPERIOR COURT
OF THE

E. SCOTT BRADLEY
JUDGE

1 The Circle, Suite 2
GEORGETOWN, DE 19947

April 11, 2017

Douglas B. Catts, Esquire
Schmittinger & Rodriguez, P.A.,
414 S. State Street
Dover, DE 19903

Lynn A. Kelly, Esquire
Department of Justice
820 N. French Street, 6th Floor
Wilmington, DE 19801

RE: *Virginia Robinson v. State of Delaware*
**C.A. No: S16C-11-001 ESB**

Dear Counsel:

This is my decision on Defendant State of Delaware's Motion for Summary Judgment in this case where Plaintiff Virginia Robinson, a State of Delaware employee, is seeking uninsured motorist benefits from the State for a motor vehicle accident that she was involved in on April 15, 2016. Robinson was driving a car owned and insured by the State when an unknown driver operating a pick-up truck swerved into Robinson's lane and struck her car head on. The unknown driver fled the scene and has never been located. Robinson was acting in the course and scope of her work as a social worker for the State at the time of the accident. Robinson has received workers' compensation benefits. Robinson sought uninsured motorist benefits from the State pursuant to its self-insurance policy. The State denied coverage, citing the version of 19 *Del. C.* §2304 in effect at the time of Robinson's

accident and the Honorable William C. Carpenter, Jr.'s decision in *Simpson v. State*.[1]

The *Simpson* case holds that §2304 prohibits a State employee from gaining access to the State's uninsured/underinsured motorist coverage. Robinson argues that 1) *Simpson* was wrongly decided, and 2) the current version of §2304, which would allow Robinson to gain access to the State's uninsured motorist coverage, is a "clarification" of the version of §2304 in effect at the time of Robinson's accident. I believe that *Simpson* was correctly decided.[2] Thus, the only argument to address is Robinson's "clarification" argument. House Bill No. 308 amended §2304 to allow an employee to receive from his employer uninsured/underinsured motorist benefits and personal injury protection despite the payment of workers' compensation benefits. House Bill No. 308 states that it shall take effect upon its enactment into law. House Bill No. 308 was approved on September 6, 2016. The original and amended versions of §2304 are set-forth below.

## Section 2304

Every employer and employee, adult and minor, except as expressly excluded in this chapter, shall be bound by this chapter respectively to pay and to accept compensation for personal injury or death by accident arising out of and in the course of employment, regardless of the question of negligence and to the exclusion of all other

---

[1] 2016 WL 425010 (Del. Super. Jan. 28, 2016).

[2] There is nothing ambiguous about "to the exclusion of all other rights and remedies."

rights and remedies.

## Section 2304 Amended

Except as expressly excluded in this chapter and except as to uninsured motorist benefits, underinsured motorist benefits, and personal injury protection benefits, every employer and employee, adult and minor, shall be bound by this chapter respectively to pay and to accept compensation for personal injury or death by accident arising out of and in the course of employment, regardless of the question of negligence and to the exclusion of all other rights and remedies.

## Clarification

When a legislative body amends a statute to clarify – rather than to substantively change – existing law, the amendment may apply retroactively.[3] Courts ordinarily consider three factors when deciding if an amendment clarifies existing law: (1) whether the enacting body declared the amendment was clarifying; (2) whether a conflict or ambiguity existed prior to the amendment; and (3) whether the amendment is consistent with a reasonable interpretation of the prior enactment and its legislative history.[4] Delaware has recognized "clarification" as a way to assess an amendment to an existing law.[5]

---

[3] *Trusz v. UBS Realty*, 2016 WL1559563 (D. Conn. 2016).

[4] *Id.*

[5] *Walls v. Dept. of Correction*, 663 A.2d 488, 1995 WL 420801 (Del. July 3, 1995) (Table).

1.  <u>Whether the Enacting Body Declared the Amendment was Clarifying</u>

The synopsis to House Bill No. 308 is set-forth below.

> This bill is in response to the recent Delaware Superior Court decision of *Simpson v. State of Delaware and Government Employees Insurance Company,* 2016 WL 425010 (Del. Super. Ct. Jan. 28, 2016). In the *Simpson* decision, the Court noted the need for clarification, as the exclusivity provision in 19 *Del. C.* §2304 could operate to unfairly deprive an employee of much-needed benefits.

The legislature did not state that it was clarifying §2304. However, the legislature did state that it was addressing Judge Carpenter's request for clarification. Judge Carpenter wanted the legislature to clarify whether it wanted §2304 to preclude a worker from getting more compensation through his employer's uninsured/underinsured motorist coverage. Judge Carpenter noted that recovery under personal injury policies and workers' compensation are not perfectly aligned because personal injury policies may provide more coverage than workers' compensation, resulting in a State employee not receiving much-needed benefits. Judge Carpenter made his concern clear, stating "[t]o the extent there is an inconsistency in coverage, there should be a clear legislative mandate to reflect what was intended." The legislature addressed that discrepancy by adding the insurance benefits. Given the manner in which Judge Carpenter phrased his request for clarification, I took the legislature's action as a remedy for that particular situation,

4

not a "clarification" that §2304 was never intended by the legislature to make workers' compensation an employee's sole remedy against his employer for a workplace injury.

2. <u>Whether a Conflict or Ambiguity Existed Prior to the Amendment</u>

These was none and Judge Carpenter noted as much in *Simpson*, stating:

> It is shocking to the Court that this precise issue has never been decided before in this jurisdiction. <u>That also probably suggests that the parties to such litigation have believed for some time the exclusivity language of the Workers' Compensation Act would prohibit such action.</u> (Emphasis added.)[6]

3. Whether the Amendment is Consistent with a Reasonable Interpretation of the Prior Enactment and its Legislative History

I conclude that it is not. The original and amended statutes are very different. The original statute provides that every employer and employee shall have to pay and accept, respectively, the benefits provided under workers' compensation for personal injury or death by accident arising out of the course of employment "to the exclusion of all other rights and remedies."

The amended statute added uninsured motorist benefits, underinsured motorist benefits and personal injury benefits. The original and amended statutes simply can not be reconciled and the original §2304 simply can not be interpreted to include the

---

[6] 2016 WL 425010, at *5.

5

insurance coverage that the amendment added.

After considering all the factors, I conclude that the amended §2304 is not a clarification of the original §2304. It is instead a substantive change which has no retroactive application. Thus, I have granted the State of Delaware's Motion for Summary Judgment.

IT IS SO ORDERED.

/s/ *E. Scott Bradley*
E. Scott Bradley